**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CITIZENS ALLIANCE FOR PROPERTY RIGHTS,

Plaintiff - Appellant,

v.

CITY OF DUVALL,

Defendant - Appellee.

No. 13-35959

D.C. No. 2:12-cv-01093-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted February 3, 2016
Seattle, Washington

Before: KOZINSKI, O'SCANNLAIN, and GOULD, Circuit Judges.

Plaintiff Citizens Alliance for Property Rights contends that the City of

Duvall's (City's) municipal separate storm sewer system (MS4) discharges

stormwater onto property owned by Steve and Ronda Mills. There is no genuine

factual dispute that the City's stormwater discharges are regulated under a state-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

issued general permit, which is a part of the Clean Water Act's (CWA's) National Pollutant Discharge Elimination System (NPDES). *See generally* 33 U.S.C. § 1342. Nor is there a genuine factual dispute that the City is complying with this permit.

Plaintiff contends that the district court erred in granting summary judgment on a ground not raised by the City, urging that the City moved for summary judgment only on Plaintiff's claim that it was discharging pollutants without a NPDES permit, and not on Plaintiff's related claim that the City was violating an existing NPDES permit. This is not correct. The City's motion for summary judgment explicitly discusses the NPDES permit under which the City operates its MS4. Moreover, the City's motion and accompanying declarations show that it has developed and implemented a stormwater management program in compliance with the general permit, *see* 40 C.F.R. § 122.34(a), and that this program contains the "minimum control measures" that federal regulations require. 40 C.F.R. § 122.34(b).

Although Plaintiff has alleged a connection between the City's MS4 and navigable waters, that in itself does not show a violation of the CWA. The CWA prohibits unpermitted discharges of pollutants into navigable waters. *See* 33 U.S.C. § 1251(a)(1). But the City is complying with the applicable permit. A

discharge into navigable waters in accord with the terms of a valid permit is not a CWA violation. Plaintiff has not supported its complaint with "significant probative evidence" of an unpermitted discharge of pollutants into navigable waters, or any other violation of the CWA. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

AFFIRMED.